REAVLEY, Circuit Judge,
dissenting.
I would affirm the judgment of the district court for the reasons given by its opinion dated March 15, 2004. This is a contract construction question and I see no factual ambiguity. I fail to understand what issue the majority would put to the fact finder. Will the fact finder be asked what “at the premises” means? And what evidence will contribute to the finding— that the lessor intended to get gaming percentages for 99 years, despite certain terms that permitted the lessee to use the land for any lawful purpose? Or may a witness — an expert perhaps — be permitted to testify that “at” means “near” and that the lessor would have to pay the owner of the adjacent land, if leased on the same terms, double gaming percentages because moored near both tracts means moored at both tracts?
*910 I see nothing but a legal decision required. And that decision seems to me to be an easy one. Three precisely described parcels of land were leased and the base rent is to be raised only if gaming winnings are received by the lessee from operations on a gaming vessel moored at the premises. The lessee proposes to move the vessel and moor it at a different parcel of land. The lease is clear and unambiguous, and it allows the lessee to do that without paying more than the annual base rent.